The next case is 24-1236 Federal Express Corporation v. Qualcomm Incorporated. Mr. Schaffner, when you're ready. And if I'm correct, this is the case you're going to make the RPI argument in and then the subsequent two you're just going to go to the unpatentability arguments? Correct, Your Honor. Thank you. Thank you, and may it please the Court. These cases ask a very simple question. May this Court allow the office to correct a statutory error that the office admits it made? The answer to that question is yes. I'd like to begin by reviewing the relevant statute. Paragraph 312A2 provides that the office may not consider or may consider a petition only if it identifies all real parties and interests. The statute is unambiguous, unqualified, and has no exceptions. The office may not consider a petition under any other circumstances. Indeed, in Jennings v. Rodriguez, the Supreme Court said that the words only if impose an affirmative prohibition from undertaking the stated action, quote, under any other conditions, end quote. Counsel, what's your response regarding Thrive and ESIP? Sure, so if the Court has no questions on the statute for construction, we can dive right into appealability. So the only question really remaining is the issue of appealability in this case, and we think that the main authority that respondents rely on, ESIP, Thrive, and Quozo, don't apply to this case because they address very different facts. Instead, this case is more like SAS and the carve-out that Quozo discussed. So, in each of ESIP, Thrive, and Quozo, the Board resolved the disputed statutory issue at the institution stage, and then on appeal, the appellant directly challenged the Board's institution decision or the Board's, in Thrive's case, the 315B decision that was made attendant to institution. Here, we are doing neither of those. With the time bar, right? The time bar under 315B, yes. Now, the first eight words of 315B are, an inter partes review may not be instituted if the time bar applies. And in that case, Justice Ginsburg, writing for the Supreme Court, said that 315B, because it uses the word institute, is an attendant decision to, and a condition of, institution. And so, therefore, a challenge to the Board's time bar determination under 315B is tantamount to a challenge to the Board's decision to institute. That's exactly isomorphic to what happened in ESIP and Quozo, where, in both of... Is your argument to distinguish Thrive and ESIP that the statute you're relying on says considered rather than institute? That's one way we are distinguishing that statute, Your Honor. Another way is that the Board... What's the purpose of making the petitioner identify all real parties in interest? Well, in AIT, this Court made clear that there are many reasons for doing that. Some of them have estoppel purposes. Some of them are for conflicts checks. There are a great many reasons why petitions have to identify all real parties in interest, because it has downstream effects in other tribunals, either before the Board, or before a district court, or for other types of considerations. But that's why parties have to do that. And... So the Board can decide whether it's proper to institute or not? The Board can decide whether it's proper to institute, but as Justice Gorsuch made plain in SASS, determining whether it's okay to institute a case does not give the Board discretion to ignore statutory commands. The difference is SASS went to how the trial would proceed after institution, not to anything connected to the institution decision itself. How does identifying a real party in interest have any effect on the conduct of the trial versus the decision to institute? Because in this case, the Board issued a final written decision under 318A, like SASS, without ever confirming whether the petition... You know, that argument doesn't get very far with me. That was the way this Court tried to distinguish why the time bar was reviewable after a final written decision, and other things that ultimately now are no longer reviewable under Thrive. So the fact that there's a final written decision here doesn't mean that the RPI provision is somehow subsumed in that. You have to explain to me how that is not connected to a decision to institute, but is rather something that affects the way the trial will occur. Because we aren't challenging the decision to institute. Again, in Thrive, and Quozo, and EISA... So if you're not challenging the decision to institute, then what relief do you want from this Court? We want the Court to simply vacate the final written decisions that issued in error at the Board with an instruction to resolve the RPI issue. This case is not about institution. We are not asking the Court to unwind the Board's institution decision. You asked them to terminate. That certainly is not reviewable after Thrive because that's essentially a decision to de-institute. We asked the Board to terminate when we were at the Board, but on appeal, we aren't seeking the Court to deal with the termination of this case. What we are asking for is for the Court to vacate the Board's final written decision that did not resolve the RPI question and simply allow them... Where does it say that the RPI question had to be resolved in the final written decision? Because that's what we say 312A2 means, and today, the government agrees... We think that that's part of what you have to do in a petition laying out before the Board why it should institute. Well, again, neither EISA... If we consider that the difference between consider and institute is really meaningless, then doesn't it completely fall under an institution scope? That's the reason you have to do it so that the Board can determine whether to institute. Two quick responses to that, Your Honor. The first is that the statute does use the word consider, not institute. If Congress wanted to use the word institute, it would have. It did all throughout the AIA when it wanted to. It did it in 314A, 314D, 315A, 315B, and 318A. In each one of those cases and statutes, Congress used the word institute when it wanted to. If it wanted to do that in 312, it would have, but it didn't. It used the word consider. It must mean something else. Different words are presumed to have different meanings. But to that point, Your Honor, even if it were something similar to institution, we think that this case would remain appealable because we are still challenging the conduct of the Board in making 312A2 effectively discretionary and not required, even though it is by statute. But you agree that if that was part of the institution decision, even if it's a legal error, we can't review it. But it's not part of the... That was the function of Thrive and the time bar. I think we said they've got the time bar wrong, or one of these cases, they've got it wrong. And the Supreme Court said, one, even if it's wrong, you can't review it. So if they're misconstruing this RPI statute, if it's tied to institution, even if everybody agrees they're wrong, and they seem to change their position, it's still not reviewable, right? No, I do not agree with that. You don't agree that if it's tied to institution, that it's unreviewable, even if they got it wrong? What Cuozzo said on pages 274 to 275 of his opinion, is when it said the word closely tied, look at the beginning of that sentence. What that sentence says is a tax on the decision to institute using... Yeah, Thrive made it a little bit more clear that anything connected to institution is time barred, even if the interpretation relied on the board when instituting was incorrect. And so, again, I get your argument that this is not an institution decision, because it uses a different word, but if we consider this part of the institution decision, even if they interpreted the statute wrong, we can't review it, can we? Two quick responses to that, Your Honor. The first is that in AESIP, Thrive, and Cuozzo, the nature of the challenge was not, does the office have to do this? It was a content and substantive dispute over, did the board get it wrong? It was not a dispute of, does the board have to do this at all? And those cases can't be divorced from that. That's a little too cute for me, because basically you're saying the board got it wrong because they didn't do this and they were required to do it. You're still identifying an error. And it all comes back to, is this institution or not? But it's a different type of legal error, and it's an admitted legal error, and under Cuozzo and Sass, those types of questions remain reviewable. I think that's just wrong. I think an admitted legal error tied to institution is unreviewable by us. I think Thrive made that clear. If it's not tied to institution, which is your best argument, then sure, it's reviewable. I just don't understand the purpose of this statute as it relates to the trial that the PTAP conducts, which is what Sass said is reviewable. But Sass made clear that it is wrong to interpret Cuozzo as barring any type of legal challenge that implicates or what it says bears on, bearing on institution. That's what Sass is foreholding. He went on and said that the legal error here doesn't relate to institution. It relates to how the trial is conducted, what grounds the trial is conducted on. And Thrive made clear that not just institution decisions itself, but decisions closely related to institution like the time bar are barred. And why were they closely related in Thrive, Your Honor? It's because 315B uses the word institute when 312 does not. I get that. But if we see that the whole point of the RPI statute is to give the board information on whether to institute or not, that seems to me to be closely related to institution. What Thrive says is Thrive doesn't say that also anything related to institution is also appealable or not appealable. What Thrive said was that you look to the substance of the question, not its form. And so the way that Thrive discussed Sass was to say, is the challenger challenging whether the board should have instituted review at all? Counsel, what relief are you hoping to gain if we were to agree with you on this RPI issue? What practical effect do you want the board to do? Simply to vacate the board's final written decision to allow them to adjudicate the RPI dispute. What are you going to ask the board to do? Well, we'll see what the board says. No, you tell me. You're the lawyer for them. What are you going to ask the board to do if this gets vacated and remanded? If the board were to disagree with us, then things might lie where they lie. If the board agrees that the unnamed party was an RPI, we would likely ask the board to terminate the case. To deinstitute. Well, there's a mechanical process that the board uses. They call it deinstituting, but we don't think that's required specifically under 4272. 37 CFR 4272 does not require deinstitution. It just says the board may terminate the case. You also agree that RPI is a procedural requirement that can be corrected, right? Do you agree with that? It can be corrected in certain instances. But here, all that we are asking the board to do is to make that resolution under certain, in this case, because it never resolved the issue. SAS made clear that nothing in 314A or Quozo withdraws the power from the court to ensure that inter partes reviews proceed in accordance with the law's demands. The inter partes reviews here did not proceed in accordance with the law's demands, and the office admits that. And that statutory violation has always been reviewable after SAS, and nothing in Thrive or ESIP changed that. They may admit it, but I have to admit I'm a little confused. It seemed like there's a reading that at institution, they actually did at least implicitly decide the RPI issue by repeatedly rejecting your arguments that, you know, the actual petitioner acted in bad faith or made an error in failing to identify the other alleged RPI. At termination, granted, they basically say we don't have to decide this, but isn't there a fair reading that at institution they really did decide that all parties in interest, real parties in interest, were identified? And so even if we could review this, I'm not sure what the answer is as to whether or not they actually failed to address the question. First, Your Honor, no party has ever argued that the board, in fact, did make an RPI determination at institution. No party has alleged that. But if we have the ability to review this question, could we not consider what actually happened? You could consider what actually happened, but then second of all, the board expressly states that it is not resolving that question at Appendix 406. It says we are not… At the termination. At the termination… They don't say that at institution though, do they? Well, no, that's Appendix 1091. At Appendix 406, which is the institution decision, the board does say we are not going to look any further into this matter. And then it gave us additional discovery to get additional facts and brief it later, which then the board didn't resolve again. So, no, if you go to Appendix 406, the board makes clear that it is not, that the board is engaged. We are not going to engage any further with that question. I do have one question on the patentability arguments. Yes. So, if we were to agree with you in terms of a lack of consideration of like the Lowe-Buford combination and possibly Lowe alone, what are you asking us to do in terms of what you want to have reconsidered if we were to remand on that basis? I think that's a two-part question, Your Honor. The first is if the court were to agree with us on RPI, the court could simply vacate without ever addressing the merits.  Ignore RPI for the moment. I'm asking just strictly about the patentability. We think while the court could reverse the case, it would be permissible simply to vacate the board's final decision and have them re-review the party's arguments as argued at the board. And you're talking about both the Lowe-Buford combination and Lowe alone? At that point, I think it would be up to the board whether they felt that the Lowe-Buford combination was sufficient, in which case it might not be necessary to review Lowe. My understanding is that we would only ask for the board to review Lowe if the court reversed on the substance, on the merits. Okay, thanks. You've used most of your rebuttal time, but we had a lot of questions, so we'll restore it. Thank you. Mr. Franklin, you have ten minutes. Thank you, Your Honor. May it please the court, Jonathan Franklin for the appellee Qualcomm. I want to first address one argument, which seems to be a new one that I just heard, and that's that somehow the word considered doesn't relate to institution in Section 312. That was resolved by the Supreme Court in Quozo and by this court in Aesop. Quozo involves Section 312A3, the immediately neighboring provision to this one, A2, and has the same language in it. No petition may be considered unless in A3 it pleads with particularity. The Supreme Court said no. That goes to institution, that is barred. This court then in Aesop, which it has reiterated and reaffirmed at least five times by my account, and the court said that a board determination, quote, concerning the real parties and interest requirement of Section 312A2, relying on Quozo, frankly, because it was the same statute, is final and non-reviewable under Section 314G. I think the argument, at least as I understand it, is that not that the board incorrectly did the RPI question, but that it failed to do it at all and that there's a distinction between that. That would allow us to review. That's the next argument. I was referring to consider language. I think that was totally resolved in Aesop, and I think the other is also resolved as well because under Quozo, whether Section 314D bars review depends on the statute that is being invoked, not the precise manner in which the board resolves the challenge under it. At the institution. Different kinds of errors. One is they did it wrong. The other error is they ignored the statute. They're both errors, but they relate to institution, therefore not reviewable. That's correct, yes. And Quozo holds that. It says that Section 314D bars any matters, quote, closely tied to the application and interpretation of statutes related to the institution decision. Aesop holds, and we know, just like that Section 312A2, just like Section 312A3, which is immediately next to it, is a statute relating to institution. And FedEx's argument is not just closely tied to the interpretation and application of Section 312A2. That is its entire argument. It asked this court to both interpret and imply Section 312A2 differently from the manner in which the board interpreted and applied it below at institution. You can see that at page 402 where the board said, in denying institution, it specifically said we are rejecting the arguments under the real party interest requirement and therefore deny, or excuse me, we are instituting this proceeding. So there was a determination at institution rejecting FedEx's argument that Section 312A2 wasn't complied with. That is the argument that now FedEx is trying to appeal to this court. Thrive, other cases of this court, including Medtronic, clearly hold that it can't try to evade the review bar simply by re-raising the argument that was denied at institution. At subsequent proceeding, levels of the proceeding, as it did in a motion to terminate here, a motion to reconsider the institution. And so at bottom, you know, this court has a lot of difficult cases involving novel issues, issues of first impression, you know, difficult thorny issues. This is not one of those cases. This court, yes. Excuse me. It seems both parties agree that this case needs to go back on the merits themselves. So what happens as a practical matter to the RPI issue once remand happens? Let's say we decide to remand the merits for consideration of Lyle Buford. Well, the court has to resolve the 314D question. And that is where I'm going here. Section 314D says a decision on institution is, quote, final and not appealable. So that decision is final. That's done. They did it. They did it two or three times. It's done. The merits, well, good luck with that. I mean, you may go back and the director may decide that he's going to reconsider that. And I guess we'll be up here again. Well, I hope that is not the case, Your Honor. I really do hope that final means final. It's certainly what they said originally is that we have made this determination and it is final. If the court says it's final and not appealable, I hope that the board would then understand that that's a directive from the court that this is done. I mean, that's normally the way litigation proceeds. If an issue goes up and it's not appealable, it's not something that then just gets reopened again. Now, we're conceding a very, very small part of the merits. And I would note here that FedEx has appealed a very small subset of the claims, all dependent claims. It has not challenged the vast majority of the board's pool of merits. But you do agree, right, that it would be a vacating remand at least on a Rob Buford combination for Claims 6, 17, and 28. Is that right? You know, in candor to the court, we felt like we had to agree that because the board, you know, they did a lot of things and they just said this is undisputed when in fact we agree that it was not undisputed. But the proper remand would be just, you know, to consider that narrow question in the first instance, not to reopen everything else. I understand, but also it sounded like, and I just want to make sure I have all of the facts right and lined up, and also the concessions that you had to make. So it would be the Lau Buford combination, and then if that Lau Buford combination weren't sufficient, would it also be that you're agreeing that they could consider Lau alone with respect to those three claims? Yes, because they didn't do that the first time around. They said we're only going to consider Lau Buford. They say, unfortunately, erroneously said it was undisputed on Lau Buford. We're, you know, reluctantly, but we have to, you know, as officers of the court, we have to concede that. So it goes back on that issue, and then, you know, if somehow we were to lose on that issue, which I don't think we would, it would then go to Lau alone. But it's not a decision that this court can make in the first instance, which is their argument, because, frankly, they're conceding it has to go back on Lau in the alternative. So how could the court decide Lau and Buford together when the board never even considered Lau to begin with? So that's the merits of the issue. I think that's pretty straightforward in the briefs. Let me get one other factual question resolved and just make sure I understand the facts on this. Elyse, in the brief, he was talking about how you offered to update your mandatory notices. Yes. Were you offering to update them to identify Roam B as an RPI, or what was the offer that you were making? The offer was if the board determined that Roam B was an RPI, we would update our disclosures if required to do so by the board. The only condition that we made on that, and I think it's an important one, is that that, we said, would not be binding on Roam B, and we don't think it would. And that's another reason why I think this is an entirely academic issue, as Dolby makes clear most recently. If they wanted to stop Roam B in the district court, the district court can determine that, if it ever came up in the district court, whether the estoppel applies. But just a proceeding between us and FedEx saying, and we admit, for example, or we are forced to admit that Roam B is an RPI in this proceeding, that wouldn't bar Roam B in its case. So it's just another reason why this is an entirely academic, as the board found originally, that this determination doesn't affect anything, and it clearly doesn't affect the merits. Even if it were reviewable, the merits, because they're saying they're somehow not challenging institution, but we say they are, and ACIP says they are challenging institution. Institution and merits are two separate things. There's no reason the board said why this RPI issue would have any effect on the merits. So under no circumstances can the court say, well, the RPI issue means that we have to vacate the entire merits. Does that – that's not even the – yeah. Do you see any distinction between what the board said at institution and what it said at the motion to terminate on the RPI issue? I think it had more evidence at that time, but it basically applied. It's the same understanding of Section 312A2. Did the board make a finding as to whether Roam B is an RPI, or did it just say we're not addressing the question? They did something in between. They said we're making a finding that Qualcomm acted in good faith and that its identification of Roam – its identification not identifying Roam B was a reasonable decision. And, you know, if we were to get to the merits, that would be – I would talk more about that, but I don't think we need to. I think as Judge Hughes said clearly that, you know, regardless of what the government may say now, strictly after Loeb or Bright, it doesn't get to decide what the statute means. And I would just note, just for interest's sake, that in Thrive, the same thing happened. The government reconsidered its position on 315 in that case, and by the time it reached the Supreme Court, the government had actually a different position on Section 3. It said that the earlier decision was wrong, but that did not stop the Supreme Court from holding, as it did and as this court should in this case, that the decision was not reviewable. So, I think that's really where this case – this part of the case should begin and end. And what we would ask is for the court to reject the RPI issue because it is not reviewable and then proceed to evaluate the merits of only the patentability issues, those very few issues that FedEx has raised on the substance of it. Thank you.  Mr. Myers, you have five minutes. Thank you. Good morning, Your Honors. May it please the court, Stephen Myers for the government. Your Honors, I had written down a few things that I wanted to say about Section 314D, and fortunately, Mr. Franklin has really said many of them, including explaining why the distinction between the terms consider and institute don't matter after ESIF and QUOZO. I think the only other point I really wanted to get out about the argument that the board didn't make any decision at all is to mention this court's decision in Dolby, where the argument in Dolby, and I'm just quoting from the case, is that the board declined to adjudicate whether the alleged RPIs were in fact RPIs and then instituted a review. And that's the case, of course, where this court said two things. First, there isn't standing to have an informational right to find out who RPIs are in general. It only matters if it goes to institution. And second, there isn't judicial review of that institution decision. So in addition to the fact that the argument is inconsistent with ESIF, it's also inconsistent with Dolby. And so we entirely agree with Qualcomm that there simply isn't review over this RPI question, and we don't think the court needs to go any further. Putting aside the statute at issue in this case, let's assume we have some other statute, and we can say it might be related to institution, but the board so completely misinterprets it that it's just a flagrant legal error. Does that fall, and I detest using this word, but the Supreme Court used it, so I have to do this shenanigans exception to CLOZO. I'm struggling with that, and I think we struggle with that in a lot of cases. I'm not sure this case is even close to that line, but I just wonder what kind of legal error could be reviewable under that. I mean the example they gave in the CLOZO was instituting on 112-F, so clearly anything like that, like instituting on 101, for instance. I think canceling on 112 was the example in CLOZO, which of course goes to the final determination as to patentability at stage two of the process, and I guess I think Judge Hughes to your point about why this case really isn't SAS. SAS is about what happens after institution. This case is about whether or not there should have been consideration and institution at all, and so as to what the outer bounds would be in a truly extraordinary case, particularly if it goes to stage two and patent cancellation, I don't know, but this case is simply alleging a garden variety statutory error at the institution stage, at stage one, and the Supreme Court's cases and this case's are just overwhelmingly clear that you can't get judicial review of that. Let me ask you one question just again as a practical matter. Let's say this goes back on the merits. We've talked about with both other sets of counsel the narrow grounds that would need to be considered by the board in the first instance, right? What, if anything, could FedEx file when it goes back on merits? Would they still be allowed to file a motion to terminate, or what's kind of the scope of what, if anything, they could do, or maybe it's just literally let's just get this narrow issue resolved? So I think if it went back to the board on the patentability issues, the board and the director would have all of the authorities and powers it would otherwise have. I don't want to take anything off the table, and so potentially could that include deinstitution, as Judge Hughes asked? You know, maybe. The director hasn't said, but that certainly is. What if when we send it back, we send it back with a mandate that the only action to be taken is to address the law, Buford and the law references and the purpose of the remand? Your Honor. I shouldn't ask you that. I understand you can't tie the director's hands, and he's going to make whatever decisions he's going to make. Exactly, Your Honor. But I think you also understand that we're concerned that if we send it back for the law Buford reference, that that's not what's going to happen. Again, I don't know what's going to happen. We may see you again in another couple of years. I'm always happy to be here, Your Honor. Unless the court has further questions, I'm happy to yield back my time. Thank you very much. Thanks. Thank you. Thank you, Your Honor. Just a few quick points. Give him his full time back. Thanks. First, as to Quozo and Aesip, whether a question involves institution, that's not what Quozo says. While Quozo does use the language that consists of questions that are closely tied to the application and interpretation of statutes, earlier in that sentence, what Quozo was talking about are, we emphasize that our interpretation applies where the grounds for attacking the decision to institute involve those questions. We are not attacking the decision to institute. We brought that up in our opening, and neither side has addressed that.  We are attacking whether the statutory power of the board, does the office have the power to cancel our claims in a final written decision, having never adjudicated whether a statutory requirement has been met. Those are the exact types of questions that SAS says. Seems to me like it's clever phrasing to get around the fact that the RPI is part of the, one of the things to be considered at the institution stage. The fact that. I mean, this is the same thing that we've rejected over and over again. The fact that it may be subsumed somehow in the final written decision, doesn't make it outside the appealability bar. This court has. Let me, I'll let you answer after I ask one more question. What relevance does the RPI have to the board's final written decision on patentability? It defines the scope of potential, of whom would be bound by those final written decisions under 315E1, 315E2, which require final written decisions before estoppel applies. And it affects who would be potentially bound by this in other proceedings. So, yes, that is the effect in part. And by the way, those statutes don't use the word institute. 315E1 and 315E2, unlike 315B and Thrive, 315E1 and 315E2 do not use the word institute. But going to your question, Your Honor, this court has never, you said repeatedly rejected, yes, in certain contexts, but this court has never been presented with the question of, does the board have to resolve the statutory dispute at all? ESIP didn't involve that. Quozo didn't involve that. Thrive didn't involve that. Instead, those challenges were directly challenging the board's decision to institute. We are not doing that here. This case is not about institution. It's about the boundaries of statutory power. And the office agrees that it acted outside of its statutory power. And those are the types of questions that SAS said remain open. When discussing Quozo, SAS specifically said Quozo does not stand for the proposition that any legal challenge bearing on institution is unappealable. And like Thrive said, you have to look at what the substance of the challenge is. Are you challenging institution as what was done in Thrive, or are you doing something else? Are you challenging conduct? And we respectfully submit that what we are doing here is challenging conduct. Does the board. If you're challenging conduct, don't we also get to consider the conduct in relation to what relief you're seeking? And the relation, yes, and the conduct that we are seeking. Ultimately is that this shouldn't have been instituted because of the related party in interest here. That's not the question before the court, though. The relief we're seeking in this court is simply vaca tour for the board to make this determination. We just want the board to resolve the issue. It's been said in Thrive that the relief you were seeking was just to properly apply the time bar and not actually order the board to do anything else. But the time bar. Sorry. No, go ahead. But the time bar in 315B is, as the Supreme Court said, a condition on institution. So, in effect, that's why the Supreme Court said that that was effectively challenging the decision to institute. The time bar decision was made in that case. Here, we don't know what the board's going to do when it resolves if and when it resolves RPI. That's the problem. We don't know the content of that decision. We aren't challenging the content. If we understand the purpose of this challenge to be an attack on the institution, then isn't that the same it's effectively challenging institution as Thrive? I think that it depends on the type of challenge that you're raising. For example, even Quozo says that certain types of challenges, for example, constitutional questions, would always remain available. That's because the Supreme Court has said repeatedly that you can't really bar review of constitutional challenges. I don't think they've ever been forced to make the decision whether Congress clearly said you can't do it at all, but they've always carved out constitutional questions. You're not making that argument here. We're not making a constitutional argument here. All I'm saying, Your Honor, is that you have to look at the substance of what the challenge is, not its form. And Quozo specifically says that it is not barring review that would involve interpretations that would allow the agency to act outside of statutory limits. The agency agrees it acted outside of statutory limits. And just one last point on this academic. They say that this is an academic exercise. We don't think that it's academic for the board. Okay, counsel, I gave you extra time, but you're over that, so we have your argument. Thank you. Thank you, Your Honor.